[Civ. No. 4245. Second Appellate District, Division One,—October 11, 1924.]

E. VIOLA DAVIS, Respondent, v. GERTRUDE WILSON et al., Appellants.

[1] NEGLIGENCE—AUTOMOBILE COLLISION AT INTERSECTION—EVIDENCE —FINDINGS.—In this action for damages for personal injuries and for damage to plaintiff's automobile resulting from a collision between it and an automobile of defendant's, there having been evidence directly to the effect that the defendant, who was driving, approached the street intersection where the accident occurred at an excessive rate of speed and without yielding the right of way to plaintiff, who was approaching the intersection from the right and who clearly had the right of way, and, conceding there was evidence tending to prove that plaintiff's automobile at the time of the accident was not entirely on the right side of the street and that plaintiff was "cutting the corner" in endeavoring to make a left turn, there having been testimony directly to the effect that plaintiff's automobile was entirely on the right of the center of the street and that she was not cutting the corner, the appellate court could not say that the trial court erred in finding that said defendant was negligent or that plaintiff was not negligent.

---

1. See 3 Cal. Jur. 902, 909, 948.

[2] ID.—DAMAGES—EXCESSIVE AWARD—EVIDENCE.—In such action, the evidence concerning the nature and extent of plaintiff's injuries was sufficient to satisfy the appellate court that the amount of the award for those injuries was not dictated by passion or prejudice on the part of the court and was not necessarily excessive.

(1) 4 *C. J.*, p. 883, sec. 2855.    (2) 17 *C. J.*, p. 1091, sec. 408.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Affirmed.

The facts are stated in the opinion of the court.

Vernon M. Brydolf for Appellants.

Albert Sidney Brown for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries and for injuries to plaintiff's automobile, both alleged to have been caused by negligence of the defendant Gertrude Wilson while driving an automobile, thereby causing her automobile to collide with the automobile of the plaintiff. Plaintiff recovered judgment in the sum of $1,254.75, of which $1,000 was the amount allowed for her personal injuries. Defendants appeal from the judgment.

The grounds of appeal as stated by counsel for appellants are that the evidence is insufficient to sustain either the finding that the defendant Gertrude Wilson was negligent or the finding that the plaintiff was not negligent and that the damages awarded are excessive.

[1] On the questions relating to negligence, the utmost that can be said in favor of appellants is that the evidence was conflicting. Nevertheless there is evidence tending substantially to prove that the collision was caused by negligence of Mrs. Wilson, and that there was no negligence on the part of the plaintiff. There is evidence directly to the effect that the defendant Mrs. Wilson approached the street intersection where the accident occurred at an excessive rate of speed and without yielding the right of way to the plain-

2. Excessiveness of verdicts for personal injuries other than death, note, L. R. A. 1915F, 30. See, also, 8 R. C. L. 673–678; 8 Cal. Jur. 833–844.

tiff, who was approaching the intersection from the right and who clearly had the right of way. Conceding that there is evidence tending to prove that the plaintiff's automobile at the time of the accident was not entirely on the right side of the street and that the plaintiff was "cutting the corner" in endeavoring to make a left turn, we find also other testimony directly to the effect that plaintiff's automobile was entirely on the right of the center of the street and that she was not cutting the corner.

[2] An examination of the evidence concerning the nature and extent of the plaintiff's injuries is sufficient to satisfy this court that the amount of the award for those injuries was not dictated by passion or prejudice on the part of the court and was not necessarily excessive.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.